IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CASE NO.:  1:14-CR-00039-WLS-TQL |
| v. | : | |
| | : | |
| | : | |
| VERT WASHINGTON, | : | |
| | : | |
| Defendant. | : | |

**<u>DEFENDANT WASHINGTON'S MOTION IN LIMINE TO EXCLUDE POTENTIAL RULE 404(b) EVIDENCE</u>**

Defendant Vert Washington ("Mr. Washington") hereby moves this Court to exclude certain evidence identified by the government as potential Rule 404(b) evidence.

<u>PRELIMINARY STATEMENT</u>

Mr. Washington was indicted on September 11, 2014, along with eight co-defendants.  Mr. Washington is charged with one count of conspiring to possess with intent to distribute cocaine and crack cocaine between the dates of January 1, 2010 and December 31, 2013 (Count 1), and one count of possession of cocaine with intent to distribute on May 16, 2013 (Count 11).

Counsel believes that the government may offer evidence at trial of the following matters pursuant to Rule 404(b) of the Federal Rules of Evidence:

- A prior felony conviction for possession with intent to distribute cocaine on November 1, 1995 in Thomas County Superior Court.

- A prior felony conviction for conspiracy to possess with intent to distribute cocaine on August 7, 2000 in the Middle District of Georgia.

- Testimony from law enforcement or other Government witnesses concerning alleged drug dealing prior to the dates alleged in the indictment.

Counsel for Mr. Washington contends that evidence of these matters should not be admitted pursuant to Rule 404(b).

## ARGUMENT AND CITATIONS OF AUTHORITY

Federal Rule of Evidence 404(b) provides that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident…

In applying this rule, the Eleventh Circuit in *United States v. Mills*, 138 F.3d 928, 935 (11th Cir. 1998) explained that:

> The Rule has been construed to require a three-part test for admissibility of such "other offenses" evidence. First, the evidence must be relevant to an issue other than the defendant's character. Second, there must be sufficient proof that the defendant committed the extrinsic act. Third, the evidence must survive the

>balancing test prescribed by Federal Rule of Evidence 403.

While Counsel contends that there exists no legitimate reason to introduce Mr. Washington's prior convictions, Counsel acknowledges that the Eleventh Circuit has held that "a not-guilty plea to a conspiracy charge renders the defendant's intent a material issue... unless the defendant affirmatively takes the issue of intent out of the case." *United States v. Sanders*, 668 F.3d 1298, 1314 (11th Cir. 2012). *Quoting*, *United States v. Matthews*, 431 F.3d 1296, 1311 (11th Cir. 2005). Nonetheless, there is no *per se* rule of admissibility in this Circuit. *Id.*, at 1316.

Counsel for Mr. Washington contends that the government cannot satisfy the third prong of the test as the probative value of the prior bad acts is substantially outweighed by the danger of unfair prejudice in violation of Federal Rule of Evidence 403. "In determining whether this part of the test is satisfied, a court should consider the differences between the charged and extrinsic offenses, their temporal remoteness, and the government's need for the evidence to prove intent." *United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1225 (11th Cir. 1993).

The prior convictions here should be excluded due to their temporal remoteness. In *United States v. Sanders*, 668 F.3d 1298 (11th Cir. 2012), a conspiring to possess with intent to distribute cocaine case, the Eleventh Circuit found that the district court erred in admitting a 22-year-old marijuana conviction.

The Court found that, "[a]llowing the government to admit such a remote and factually dissimilar conviction would effectively create a *per se* rule of admissibility of any prior drug conviction in drug conspiracy cases." *Id*., at 1315. As the great expanse of time diminished the probative value of the prior conviction in *Sanders*, so too does it diminish the old prior convictions in the instant case.

But there is an even more powerful reason as to why Mr. Washington's prior convictions must be excluded: his theory of defense. When attempting to introduce a prior bad act under the intent exception, the Seventh Circuit has reasoned:

> [I]ntent becomes more relevant, and evidence tending to prove intent becomes more probative, when the defense actually works to deny intent, joining the issue by contesting it... Conversely, when the defense theory of the case has nothing to do with intent -- when, for example, the defendant flatly denies that the drugs were his... other crimes evidence offered to establish his intent will have much less relevance, such that its probative worth is more likely to be outweighed by the inherent risk of prejudice...

*United States v. Lee*, 724 F.3d 968, 976 (7th Cir. 2013). *Quoting*, *United States v. Miller*, 673 F.3d 688, 697 (7th Cir. 2012).

In *Miller*, the defendant was convicted of possessing crack cocaine with intent to distribute after law enforcement officers discovered crack cocaine in Miller's alleged room in 2008. At trial, the defense's theory was that the drugs did not belong to Miller and that Miller was not staying in the room. During trial, the

4

district court admitted evidence of a prior conviction for possession of cocaine with intent to distribute from the year 2000.

In reversing Miller's drug conviction, the Seventh Circuit found that the prior conviction had little probative value: "Miller's defense, that the drugs were not his, has nothing to do with whether he intended to distribute them. He did not argue that he intended to consume rather than sell the drugs, or that he lacked knowledge of cocaine or how to sell it." *Id*., at 698. The Court continued:

> How, exactly, does Miller's prior drug dealing conviction in 2000 suggest that he intended to deal drugs in 2008? When the question is framed this way, the answer becomes obvious, even though implicit: 'He intended to do it before, ladies and gentlemen, so he must have intended to do it again.' That is precisely the forbidden propensity inference.

*Id*., at 699.  *See also*, *United States v. Lee*, 724 F.3d 968 (7th Cir. 2013), reversing a defendant's drug conspiracy and possession with intent to distribute convictions after the district court improperly admitted a prior drug conviction where the defendant's theory of defense was that the drugs did not belong to him.

As in *Miller*, Mr. Washington's theory of defense is that the drugs in question did not belong to him -- not that he never intended to distribute the drugs. Therefore, the question must be asked: how do Mr. Washington's prior convictions suggest that he intended to distribute drugs in 2013?  The only plausible answer is that he was a drug dealer 20 years ago so he must still be a drug dealer today.

The Eleventh Circuit has also held that a prior drug conviction should not be admitted where it does not help to explain the circumstances of the charged crime. In *United States v. Hubert*, 138 F.3d 912 (11th Cir. 1998), the defendant was convicted of conspiracy to possess with intent to distribute cocaine base from July 1992 until July 1993. During trial, the government elicited testimony from a co-conspirator who testified that he and the defendant started using drugs in the 1970's, that they had always been partners in drug dealing, that at one time they had an apartment where they sold drugs, that the defendant sold him cocaine in the 1980's and 1990's, and that in 1991 they agreed on a drug dealing partnership in which they would split the profits equally. *Id.*, at 914.

On appeal, the Government argued that the testimony relating to prior bad acts was necessary to explain the circumstances of the charged crimes. The Eleventh Circuit disagreed: "The testimony of the events prior to the alleged agreement in 1991… had no value except to prove a criminal disposition in violation of the Federal Rule of Evidence 404(b)." *Id*. As in *Miller* and *Hubert*, evidence of Mr. Washington's prior drug convictions do nothing to explain the circumstances of the charged offenses.

When the temporal remoteness of Mr. Washington's prior convictions is combined with nature of Mr. Washington's defense, the probative value of the prior convictions is dwarfed by the unfair prejudice. Indeed, the Eleventh Circuit has

noted that "prior crime evidence has significant potential for prejudicial effect, and therefore should not be employed unless really necessary." *United States v. Jones*, 28 F.3d 1574, 1581 (11th Cir. 1994) (Citations and quotations omitted). Consequently, evidence of Mr. Washington's prior convictions must be excluded.

## CONCLUSION

For these reasons, Mr. Washington respectfully requests that Court grant this motion in limine and exclude any evidence involving his prior convictions.

This 2nd day of June, 2015.

        THE PATE LAW FIRM, LLC

        /s/ Page A. Pate
        _____
        Page A. Pate
        Georgia Bar No. 565899
        101 Marietta Street, Suite 3300
        Atlanta, Georgia 30303
        (404) 223-3310

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send email notifications of such filing to all counsel of record in this matter.

This 2nd day of June, 2015.

          THE PATE LAW FIRM, LLC

          /s/ Page A. Pate
          _____

Page A. Pate
Georgia Bar No. 565899
101 Marietta Street, Suite 3300
Atlanta, Georgia 30303
(404) 223-3310