IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | |
| v. | : | CASE NO.: 1:14-CR-39(WLS) |
| | : | |
| EDDIE LEE PERRY, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Presently before the Court are Defendant Washington's Motion *In Limine* to exclude out-of-court statements (Doc. 212) and exclude potential 404(b) evidence (Doc. 213), as well as Defendant Ross' Motion to Exclude Evidence. (Doc. 245.) On June 15, 2015, the Court heard arguments related to the aforementioned Motions before the Court. During the Court's hearing, Defendant Ross withdrew his Motion to exclude evidence. Defendant Ross' Motion is hereby **DENIED as WITHDRAWN**. (Doc. 245.)

As it relates to Defendant Washington's Motion *In Limine* relying on Fed. R. Evid. 404(b), the Government responded by stating that Washington's prior convictions, and testimony related to those prior convictions, would not be tendered as Fed. R. Evid. 404(b) evidence. In the view of the Court, Defendant's prior convictions would be inadmissible under Fed. R. Evid. 404(b) and hereby **GRANTS** Defendant's Motion without objection. (Doc. 213.) If the Government seeks to introduce evidence of Defendant's prior convictions relying on alternative grounds, timely notice to the Court shall be made prior to the Government's attempt to introduce such evidence outside the presence of the jury.

Last, the Court also heard arguments pertaining to Defendant Washington's Motion *In Limine* seeking to exclude out of court statements. (Doc. 212.) Defendant Washington's Motion moves the Court to exclude statements made by Joseph Davenport to a law enforcement officer in accordance with *Bruton v. United States*, 391 U.S. 123 (1968) and exclude a recorded wiretapped call between Eddie Lee Perry and Joseph Davenport. During the hearing, Defendant acknowledged that *Bruton* concerns were resolved since Joseph Davenport was severed as a party. Defendant's Motion on that ground is **DENIED as**

1

**MOOT**. As a consequence, the only remaining evidence at issue as it relates to Defendant Washington's Motion is the wiretapped conversation between Eddie Lee Perry and Joseph Davenport.

In response to Defendant Washington's Motion, the Government argues that the conversation between Eddie Lee Perry and Joseph Davenport on May 17, 2015 is admissible under Fed. R. Evid. 801(d)(2)(E) as a coconspirator statement. Prior to the introduction of a coconspirator statement into evidence, the Government is required to establish "by a preponderance of the evidence that: (1) a conspiracy existed; (2) that the conspiracy included the declarant and the defendant against whom the statement is offered; and (3) that the statement to be introduced was made during the course and in furtherance of the conspiracy." *United States v. Dickerson*, 248 F.3d 1036, 1049 (citing *Bourjaily v. United States*, 483 U.S. 171, 175 (1987)). Statements that implicate one coconspirator merely as an attempt to shift the blame from one party to another, absent any evidence that statement was in furtherance of the conspiracy are inadmissible under Fed. R. Evid. 801(d)(2)(E). *United States v. Blakely,* 960 F.2d 996, 998 (11th Cir. 1992).

In the view of the Court, the May 17, 2015 conversation between Eddie Lee Perry and Joseph Davenport is inadmissible under Fed. R. Evid. 801(d)(2)(E). Eddie Lee Perry and Joseph Davenport's conversation addresses Defendant Washington's alleged failure to claim drugs Joseph Davenport suggests were Defendant Washington's. (*See* Ex. 34a at 2)("Yeah you know that man wouldn't even claim the dope man [*sic*] wouldn't let me go home")); (*See also Id.* at 17) ("And make me stand up for something that aint [*sic*] mine")). After careful review of the wiretap transcript, there is not adequate evidence to find that the contraband seized arose from mutually agreed upon conduct. Unlike other wiretapped conversations between the parties that arguably addressed the manufacturing, distribution, or selling of cocaine, the conversation at issue only suggests Defendant Washington was in possession of the evidence seized within what is alleged as his wife's vehicle a day prior. It appears that Joseph Davenport denied any interest in or contact with the contraband seized and asserted it was Defendant Washington's during his conversation with Eddie Lee Perry. Essentially, Joseph Davenport in the telephone conversation is advising Eddie Lee Perry of Defendant Washington's failure to admit that the contraband belonged to him. Joseph Davenport's awareness of the additional potential jeopardy he might incur as a result of his supervised

release does not add further weight to the existence of a conspiracy either. That one person is in greater jeopardy given the terms of their supervised release is simply a fact; a fact which Joseph Davenport clearly was aware of and concerned about, but not a fact necessarily implicating intent to collude with Eddie Lee Perry to prevent further damage to the alleged existing conspiracy or alternatively, further the conspiracy.

A relationship existed between Joseph Davenport and Defendant Washington. However, after evaluating the specified wiretapped conversation between Eddie Lee Perry and Joseph Davenport as a whole, the conversation cannot be construed as being in furtherance of the conspiracy notwithstanding the existence of the relationship. While the Government is correct that Defendant is obligated to prove he withdrew in order to suggest an end to the conspiracy, that legal principle should not be conflated with the question presently before the Court: whether the wiretapped conversation on May 17, 2015 is a coconspirator statement admissible under Fed. R. Evid. 801(d)(2)(E). The answer to that question, after a review of the evidence, is the wiretapped conversation is not admissible.

Unlike the two Seventh Circuit Court of Appeals decisions cited by the Government, which are only persuasive, this is not an instance where either Eddie Lee Perry or Joseph Davenport made an attempt to further the alleged conspiracy or attempted to control the damage to the conspiracy. Instead, using the language within one of the Government's cited cases, the conversation between Eddie Lee Perry and Joseph Davenport at the most can only be construed as "idle chatter and narrative declarations" attempting to blame Defendant Washington for the seized drugs. *United States v. Stephenson*, 53 F.3d 836, 845 (7th Cir. 1995) ("However, idle chatter and narrative declarations are not [coconspirator statements recognized under Fed. R. Evid. 801(d)(2)(E)]"). As a result, Defendant's Motion *In Limine* to exclude out of court statements as identified is **GRANTED**. (Doc. 212.)

**SO ORDERED**, this   18th   day of June, 2015.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

3